UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 03-298-C**

**LINDA DAVIS,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**CSX TRANSPORTATION, INC.,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for summary judgment (DE 24). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendant's motion.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. Pro. 56. The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the plaintiffs cannot rest on their pleadings, but must present "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

The plaintiff brought this action against the defendant under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.* The burden of proof of causation under FELA is relaxed compared to ordinary negligence actions. *Richards v. Consol. Rail Corp.*, 330 F.3d 428, 433 (6th Cir. 2003), *citing Rogers v. Missouri*

*Pacific R.R. Co.*, 352 U.S. 500 (1957).  To survive a motion for summary judgment, the plaintiff in a FELA case need offer little more than a scintilla of evidence that the employer's negligence played any part in the plaintiff's injury. *Richards*, 330 F.3d at 434.  If "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury . . . [i]t does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes. . . ." *Rogers*, 352 U.S. at 506.

  The plaintiff here sustained a knee injury when she fell from a boxcar in the course of her employment as a conductor for the defendant.  The plaintiff alleges that she fell because the defendant allowed crater grease to accumulate in the rail yard, she stepped in a pool of crater grease prior to mounting the boxcar, and the presence of crater grease on her work boot caused her to lose her footing on the sill step.  The defendant argues that the connection between the crater grease and the plaintiff's injury is too speculative to present the question to a jury.

  Evidence of causation must merely be "enough to justify a jury's determination that employer negligence had played any role in producing the harm." *Gallick v. Baltimore & Ohio RR Co.*, 372 U.S. 108, 116 (1963).  In *Gallick*, the Court found that there was sufficient evidence to impose liability where the employer was aware of the presence of a pool of stagnant water around which there were dead and decaying animals, large insects had been seen in the area, the

plaintiff was bitten by a large insect while standing near the pool of water, and the plaintiff suffered severe injuries as a result of the insect bite. *Id.* Although there were alternative explanations of the source of the insect, and there was no evidence to affirmatively establish a connection between the insect and the pool or the pool and the plaintiff's infection, the conclusion that employer negligence caused the harm was nonetheless reasonable. *Id.*

A plaintiff proceeding under FELA "must not only identify a dangerous condition of which the defendant was aware, but also connect that known condition to his injury." *Holbrook v. Norfolk S. Ry. Co.*, No. 04-1134, 2005 WL 1593422, at *4 (7th Cir., July 8, 2005). The condition and injury must be connected both as to time and location. *Id.* The court in *Holbrook* found that summary judgment in favor of the defendant was appropriate where the plaintiff slipped off a boxcar and thereafter noticed an oily substance on the rung, but was unable to determine where in the yard the oil had come from. The plaintiff was uncertain whether the oil was present on the ladder before he climbed onto it, or whether he had tracked it to the ladder from elsewhere in the yard, and the plaintiff did not know whether he had actually stepped in oil that day. *Id.* at 2-3. The court found that whereas the presence of the pool of water and the plaintiff's proximity thereto had not been disputed in *Gallick*, the plaintiff in *Holbrook* was not able to confirm the existence of the dangerous condition to which he attributed his injury. *Id.* at 5. Without evidence of "temporal and physical proximity to the known

hazard," as was present in *Gallick*, there was no reasonable basis to infer that the condition contributed to the injury. *Id.*

Although there is no direct evidence that the plaintiff in this case in fact stepped in an accumulation of crater grease prior to slipping from the boxcar, or that the presence of crater grease on her boot caused her to lose her footing, the court finds that there is sufficient evidence for a jury to make a reasonable inference that the defendant's negligence played a role in her injury. Interpreting the evidence in the light most favorable to the plaintiff, a jury could reasonably conclude that her boots were clean when she arrived at work, she stepped in an accumulation of crater grease prior to the accident, and the crater grease caused her to lose her footing and fall. This is similar to *Gallick*, in which it could reasonably be inferred that the plaintiff's injuries were the result of an insect bite and that the responsible insect had originated from the nearby fetid pool of water. Here, as in *Gallick*, the parties agree that the allegedly hazardous condition existed, but they dispute whether the injury was caused by that condition.

In *Holbrook*, no one disputed that there was oil on the rung when the plaintiff slipped; rather, the missing proof concerned whether there existed a dangerous accumulation from which the oil could have originated. In contrast, the parties here do not seem to dispute the existence of accumulations of crater grease in the rail yard; instead, the point of contention is whether the plaintiff stepped in the grease before or after she fell. The plaintiff has presented evidence, in the form of her

testimony as to her movement about the yard, as well as testimony and diagrams as to the location of crater grease accumulations in the yard, from which a jury could reasonably conclude that she stepped in the grease before sustaining the injury. The plaintiff in *Holbrook* presented no evidence to support a resolution of the disputed element – the existence of a dangerous hazard on the day of the injury – in his favor.

Considering the evidence in the light most favorable to the plaintiff, there exist several material issues of fact including, but not limited to, whether the plaintiff stepped in crater grease prior to sustaining her injury, whether the presence of crater grease on her shoe caused the fall, and whether circumstances existed to give the defendant actual or constructive knowledge of an unsafe accumulation of crater grease at the workplace. Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (DE 24) is **DENIED**.

Signed on August 5, 2005

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

5